**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Frieda Aaron, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) Consolidated Case No. 1:18cv139 |
| | ) |
| vs. | ) Judge Michael R. Barrett |
| | ) |
| Hon. Maureen O'Connor, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **OPINION and ORDER**

This matter is before the Court on two Motions to Dismiss, one filed by Defendants the Justices of the Supreme Court of Ohio (Doc. 39) and the other by Defendant Judge Mark R. Schweikert (Doc. 42). These Motions are fully briefed (*see* Docs. 44–47) and thus ripe for decision.

### I. BACKGROUND/FACTS

Plaintiffs' counsel represent hundreds of clients in medical malpractice claims against Dr. Abubakar Atiq Durrani and the different hospitals where he treated patients ("the Durrani cases"). (Amended Complaint, Doc. 26 ¶ 9 at PageID 1296). Defendant Maureen O'Connor, the Chief Justice of the Supreme Court of Ohio, appointed Defendant Judge Schweikert to preside over the Durrani cases filed in the Hamilton County Court of Common Pleas.[1] (*Id.* ¶ 10).

---

[1] "The chief justice . . . , as necessity arises, shall assign any judge of a court of common pleas or a division thereof temporarily to sit or hold court on any other court of common pleas or division thereof . . . and upon such assignment said judge shall serve in such assigned capacity until the termination of the assignment. Ohio Const. art. IV, § 5(B). The Court takes judicial notice of the fact that, effective January 1, 2020, Chief Justice O'Connor appointed the Honorable Guy L. Reece, II in place of Judge Schweikert. *See* Certificate of Assignment M1901262, attached hereto. In the interim since this replacement, the

Plaintiffs filed their original Complaint in this case on February 23, 2018, naming as Defendants the Justices of the Supreme Court of Ohio[2] (Doc. 1), and, on March 5, 2018, they filed an Amended Complaint (Doc. 26). Soon thereafter, on March 7, 2018, Plaintiffs filed a Complaint in Case No. 1:18cv169 against the same Justices as well as the Honorable Mark R. Schweikert, Special Judge of the Hamilton County Court of Common Pleas. (Case No. 1:18cv169, Doc. 1, Caption at PageID 1–3). The Defendant Justices filed a Motion to Consolidate. (Case No. 1:18cv169, Doc. 5). They argued that, in both cases,

> Plaintiffs raise due process challenges to Ohio's recusal and disqualification rules for Ohio judges and Supreme Court justices. Additionally, Plaintiffs seek the same relief—they want the recusal and disqualification rules enjoined, an order preventing the Chief Justice from ruling on Plaintiffs' various affidavits of disqualification, and an order preventing Judge Mark Schweikert from proceeding in Plaintiffs' underlying state cases.

(Case No. 1:18cv169 at PageID 277–78). Then-presiding District Judge Timothy S. Black agreed. He ordered the two cases consolidated pursuant to Fed. R. Civ. P. 42 and instructed that all future filings be made in this case, 1:18cv139, the case with the lower docket number. (*See* March 12, 2018 Docket Entries). On April 6, 2018, the consolidated case was transferred to the undersigned's docket because it was deemed related to a case then-pending but since-closed, *Aaron v. O'Connor*, No. 1:17cv846, 2018 WL 582503 (S.D. Ohio Jan. 26, 2018), *aff'd & remanded*, 914 F.3d 1010 (6th Cir. 2019) ("*Aaron I*"). (Doc. 41). A summary of the allegations in all three cases follow,

---

parties have not addressed whether the appointment of Judge Reece moots any portion of this consolidated case.

[2] As delineated in the original Complaint, the Justices include the Honorable Maureen O'Connor, Chief Justice, along with the Honorable Terrence O'Donnell, the Honorable Sharon L. Kennedy, the Honorable Judith L. French, the Honorable Patrick F. Fischer, the Honorable R. Patrick DeWine, and the Honorable Mary DeGenaro (Doc. 1, Caption at PageID 1–3). By operation of Fed. R. Civ. P. 25(d), Michael P. Donnelly and Melody J. Stewart substituted for Terrence O'Donnell and Mary DeGenaro, respectively.

beginning with Plaintiffs' first federal lawsuit.

### A. Case No. 17cv846 (*Aaron I*)

On December 15, 2017, Plaintiffs' counsel filed with the Clerk of the Supreme Court of Ohio an "Affidavit of Disqualification of Chief Justice Maureen O'Connor and Judge Mark Schweikert." *Aaron I*, 2018 WL 582503, at *1.[3] The affidavit sought disqualification of both the Chief Justice and Judge Schweikert related to the Durrani cases pending before Judge Schweikert in Hamilton County because they have "a bias and prejudice against Plaintiffs and their claims." *Id*. Three days later, on December 18, 2017, Plaintiffs filed both a Complaint—naming Chief Justice O'Connor and Judge Schweikert as defendants—and a motion for injunctive relief here in the Southern District of Ohio. *Id.*[4] Plaintiffs sought redress under 42 U.S.C. § 1983, alleging violations of their right to due process under the United States Constitution. *Id.*[5] Specifically, they sought to enjoin Chief Justice O'Connor from ruling on the affidavit of disqualification and Judge Schweikert "from taking any action on their cases" while their affidavit was pending. *Id.*[6]

On the authority of *Younger v. Harris*, 401 U.S. 37 (1971), the undersigned concluded that the abstention doctrine precluded any decision on the merits and dismissed with prejudice Plaintiffs' claims. *Id.* at **2–5.[7] The Court reasoned as follows. In *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584 (2013), the Supreme Court clarified its ruling in *Middlesex Cnty. Ethics Comm'n v. Jacobs*, 457 U.S. 423, 431

---

[3] *Aaron I*, Case No. 1:17cv846 (Doc. 1-1 at PageID 56–92).
[4] *Aaron I*, Case No. 1:17cv846 (Docs. 1, 2). Plaintiffs filed an Amended Motion for Temporary Restraining Order and/or Preliminary Injunction the next day. *Id.* (Doc. 8).
[5] *Aaron I*, Case No. 1:17cv846 (Doc. 1 ¶¶ 121–23 at PageID 39).
[6] *Aaron I*, Case No. 1:17cv846 (Doc. 1 ¶ 2 at PageID 2).
[7] *Aaron I*, Case No. 1:17cv846 (Doc. 34).

(1982), and held that only three types of proceedings warrant abstention. *Id.* at *2. They are: 1) ongoing state criminal prosecutions; 2) certain civil enforcement proceedings; and 3) pending "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* at *2 (citing *Sprint*, 134 S. Ct. at 591 (quoting *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989) ("*NOPSI*")). Both parties agreed that the first two NOPSI circumstances were inapplicable, so the Court considered—and proceeded to find—that, as to the third circumstance, a pending affidavit of disqualification of a judge is "a proceeding that involves certain orders uniquely in furtherance of the state court's ability to perform their judicial functions." *Id.* at *2.

The Court next turned to whether the three additional factors set forth in *Middlesex* were satisfied to determine whether the *Younger* abstention doctrine applied. *Id.* at *4 (citing *Middlesex*, 457 U.S. at 432–34 (whether the underlying proceedings constitute an ongoing judicial proceeding; whether the proceedings implicate important state interests; and whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge)). Finding the first two factors easily satisfied, *see Gilbert v. Ferry*, 401 F.3d 411, 419 (6th Cir. 2005), *rev'd in part on other grounds*, 413 F.3d 578 (*rehr'g*), the Court focused on the third—that is, whether there was an adequate opportunity for Plaintiffs to raise a constitutional challenge in the state proceedings. *Id. Gilbert* again informed this Court's reasoning. The arguments made in the original affidavit of disqualification (and the six that followed) were identical to those presented in their Complaint; thus, Ohio law provided Plaintiffs a procedure by which to raise their constitutional challenges vis-à-vis Judge Schweikert, of which Plaintiffs had

4

taken full advantage. *See id.* The Court found further that Ohio Supreme Court Practice Rule 4.04, which allows a party to seek recusal of an Ohio Supreme Court Justice, "provides an adequate opportunity for a plaintiff to commence a constitutional challenge" in accord with *Middlesex*. *Id.* at *5.

This Court's Opinion and Order in *Aaron I* issued on January 26, 2018.[8] Plaintiffs filed a Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e) on February 5, 2018, which this Court denied on April 13, 2018.[9] Plaintiffs' Notice of Appeal followed on May 9, 2018.[10] The Sixth Circuit affirmed on January 30, 2019, but remanded with the instruction that this Court amend its order to a dismissal *without* prejudice. *Aaron I*, 914 F.3d at 1021 ("[T]he district court correctly determined that the *Younger* abstention doctrine permitted its abstention from entertaining the [P]laintiffs' claims."). On February 26, 2019, this Court amended its order consistent with the Sixth Circuit's mandate and the Clerk's judgment was modified accordingly.[11]

As noted, multiple affidavits of disqualification against Chief Justice O'Connor and Judge Schweikert followed the one that underpinned this first federal lawsuit. On February 5, 2018, the same day Plaintiffs filed their Rule 59 Motion, Chief Justice O'Connor issued a decision denying Plaintiffs' then-pending seven affidavits of disqualification against Judge Schweikert (filed by attorney Matthew Hammer). (Case No. 18cv139, Doc. 30-1 at PageID 1351–55 (*In re Disqualification of Hon. Mark Schweikert*, Ohio Sup. Ct. Case No. 17-AP-128)). On February 26, 2018, the Chief Justice issued a second decision denying affidavits eight, nine, "amended nine," ten,

---

[8] *Aaron I*, Case No. 1:17cv846 (Doc. 34).
[9] *Aaron I*, Case No. 1:17cv846 (Docs. 36, 47).
[10] *Aaron I,* Case No. 1:17cv846 (Doc. 48).
[11] *Aaron I*, Case No. 1:17cv846 (Docs. 54, 55).

5

and eleven (filed by attorney Matthew Hammer). (Case No. 18cv139, Doc. 30-2 at PageID 1356–61 (*In re Disqualification of Hon. Mark Schweikert*, Ohio Sup. Ct. Case No. 18-AP-019)). On March 6, 2018, the Chief Justice issued a third decision denying affidavits twelve, thirteen, and fourteen (filed by attorney Frederick Johnson). (Case No. 18cv139, Doc. 30-3 at PageID 1362–65 (*In re Disqualification of Hon. Mark Schweikert*, Ohio Sup. Ct. Case No. 18-AP-019)).[12]

### B. Case No. 1:18cv139

While the Rule 59 Motion was pending in *Aaron I*, on February 23, 2018 Plaintiffs filed their original Complaint in Case No. 1:18cv139, which they amended on March 5, 2018. (*See* Docs. 1, 26). They allege that Defendant Chief Justice O'Connor "has consistently and wrongfully interfered with and injected herself into" the Durrani cases filed in the Hamilton County Court of Common Pleas and that Defendant Judge Schweikert has "acted and operated as the conduit for the Chief Justice in Plaintiffs' cases by complying with directives received from her arising from her improper interference within them." (Doc. 26 ¶ 11 at PageID 1296, ¶ 12 at PageID 1300). Plaintiffs contend that the Chief Justice and Judge Schweikert "were and are biased and exhibited partiality to bias against Plaintiffs and in favor of the medical professionals and their medical malpractice insurers." (*Id.* ¶ *12* at PageID 1300). Because Judge Schweikert declined to "self-recuse," Plaintiffs petitioned the Chief Justice to disqualify him pursuant to Ohio Rev. Code § 2701.03. (*Id.* ¶¶ 13, 14). When the Chief Justice

---

[12] The docket reflects the filing of additional affidavits of disqualification against Judge Schweikert by attorney Johnson (Case No. 18cv139, Docs. 38 & 38-3 (fifteenth); 31 & 31-1 (sixteenth); 35 & 35-1 (seventeenth); and by attorney Benjamin Maraan (Case No. 18cv139, Docs. 48 & 48-1 (first following seventeenth); 49 & 49-1 (second); 55 & 55-1 (sixth)). The docket further reflects the filing of three additional affidavits of disqualification against Chief Justice O'Connor by attorneys Johnson and Hammer (Case No. 18cv139, Docs. 14 & 14-1 (second); 20, 20-1 & 20-2 (third); 40 & 40-2 (fourth).

6

refused to disqualify Judge Schweikert, Plaintiffs asked her to recuse herself "from any further participation in Plaintiffs' cases" pursuant to Ohio Supreme Court Practice Rule 4.04, which governs the recusal or disqualification of a justice. (*Id.* ¶¶ 16, 17 at PageID 1303). According to Plaintiffs, the Chief Justice "has refused to recuse or disqualify herself." (*Id.* ¶ 18). And because "[t]here is no independent review available to Plaintiffs of any decisions by the Chief Justice not to disqualify or recuse herself from further participating in Plaintiffs' cases in the future," Plaintiffs assert that their constitutional right "to a fair trial of their cases before a fair tribunal that is free from unconstitutional the partiality to bias" has been compromised. (*Id.* ¶¶ 19, 20 at PageID 1303–04).

Plaintiffs seek redress under 42 U.S.C. § 1983 and allege violations of their due process rights under the Fourteenth Amendment to the United States Constitution. The Amended Complaint mounts both facial and as-applied attacks on Ohio Supreme Court Practice Rule 4.04(A) and (B).[13] (*Id.* ¶¶ 27–38 at PageID 1306–09). As remedy, Plaintiffs ask for declaratory relief to that effect, as well as permanent injunctive relief "prohibiting the further application and enforcement of S.Ct.Prac.R. 4.04(A) and (B) generally in the absence of independent review of denials of requests for recusals or disqualifications or, in the alternative, prohibiting the Chief Justice from applying and enforcing S.Ct.Prac.R. 4.04(A) and (B) as applied in the application of these Rules to

---

[13] Rule 4.04(A) defines "justice" to include "the Chief Justice or any justice of the Supreme Court[.]" Ohio S. Ct. Prac. R. 4.04(A). Rule 4.04(B)(1) addresses the mechanics of filing a request to recuse, including the imperative that the request be supported by an affidavit and a recitation of "facts in support of the request." *Id.* 4.04(B)(1). Then, "[t]he justice named in the request shall submit a written response to the Clerk indicating whether the justice will recuse from the case." *Id.* 4.04(C). The response "shall be provided to the Clerk as soon as practicable[,]" after which it is to be filed and served on "all parties to the case." *Id.* Plaintiffs do not challenge the constitutionality of Rule 4.04(C).

7

Plaintiffs' cases[.]" (*Id.*, Prayer for Relief at PageID 1309–10).[14]

### C. Case No. 1:18cv169

Plaintiffs filed this lawsuit on March 7, 2019, also while their Rule 59 Motion was pending in *Aaron I*. In this Complaint, Plaintiffs mount facial and as-applied attacks on Section (D)(4) of Ohio Revised Code 2701.03 ("Affidavit of disqualification of judge of common pleas court for prejudice; procedure; replacement"), which governs their requested disqualification of Defendant Judge Schweikert. (Case No. 1:18cv169, Doc. 1 at PageID 21–27). That statute provides:

> If the clerk of the supreme court accepts an affidavit of disqualification for filing under divisions (B) and (C) of this section, **if the chief justice of the supreme court**, or a justice of the supreme court designated by the chief justice, **denies the affidavit of disqualification** pursuant to division (E) of this section, **and if, after the denial, a second or subsequent affidavit of disqualification regarding the same judge and the same proceeding is filed by the same party** who filed or on whose behalf was filed the affidavit that was denied or by counsel for the same party who filed or on whose behalf was filed the affidavit that was denied, **the judge against whom the second or subsequent affidavit is filed may preside in the proceeding prior to the ruling of the chief justice of the supreme court**, or a justice designated by the chief justice, **on the second or subsequent affidavit**.

Ohio Rev. Code § 2701.03(D)(4) (emphasis added). Plaintiffs similarly seek redress under 42 U.S.C. § 1983, and again allege violations of their due process rights under the Fourteenth Amendment to the United States Constitution. (Case No. 1:18cv169, Doc. 1 ¶ 1 at PageID 9). They maintain that Section (D)(4) "unduly impairs their constitutional right to a fair trial of their civil actions before a fair tribunal that is free from

---

[14] Plaintiffs also ask the Court to find Chief Justice O'Connor's assignment of Judge Schweikert to preside over the Durrani cases to be "null and void." (Doc. 26, Prayer for Relief at PageID 1310).

8

unconstitutional bias, the partiality to bias, or prejudgment[.]" (Case No. 1:18cv169, Doc. 1 ¶ 1 at PageID 9). To be more precise,

> The axiom 'no man can be a judge in his own case' is fundamental to the guaranty to Due Process. The axiom will have little substance if [an] unconstitutionally biased judge is permitted under subsection (D)(4) to continue presiding over cases when two or more Affidavits of Disqualification are duly filed but not ruled upon because of the preexisting interest of the Chief Justice. **The guarantee of Due Process requires that a judge who is the subject of two or more duly-filed Affidavits of Disqualification be deprived of any authority to preside in the proceeding until the Chief Justice, or her delegate, rules on the Affidavits** – in [ ] the manner extended to an initial Affidavit of Disqualification pursuant to R.C. 2701.03(D)(1). Consequently, R.C. 2701.03(D)([4]) does not pass constitutional muster under the Due Process Clause.

(Case No. 1:18cv169, Doc. 1 ¶ 40 at PageID 22 (emphasis added); *see* ¶ 45 at PageID 22). In other words, "the safeguards at R.C. 2701.03(D)(1) pertaining to an initial Affidavit of Disqualification must be applied to proceedings involving subsequent Affidavits of Disqualification." (Case No. 1:18cv169, Doc. 1 ¶ 48 at PageID 25). Plaintiffs ask the Court to declare Section (D)(4) unconstitutional, both on its face and as applied to their "second and subsequent Affidavits of Disqualification[.]" (Case No. 1:18cv169, Doc. 1 ¶ 42 at PageID 23, ¶ 50 at PageID 25). They also seek permanent injunctive relief that prohibits "application and enforcement of R.C. 2701.03(D)(4) where a judge is the subject of two or more pending Affidavits of Disqualification in the same cases over which he is presiding[.]" (Case No. 1:18cv169, Prayer for Relief at PageID 26).

## II. ANALYSIS

### A. The Principles of *Res Judicata* Bar Plaintiffs' Claims

Defendants argue that Plaintiffs' claims are barred by the principles of *res*

*judicata*, citing *Fieger v. Corrigan*, 602 F.3d 775 (6th Cir. 2010).[15] Because all three federal complaints (1:17cv846, 1:18cv139, 1:18cv169) ultimately turn on Plaintiffs' due process challenge to Ohio's judicial recusal and disqualification process, which this Court addressed in *Aaron I*, Plaintiffs should not be permitted to re-litigate the issue. *Fieger,* 602 F.3d at 778 ("[T]he principles underlying *res judicata* still operate to bar Fieger from bringing materially identical cases in rapid succession."). Defendants are correct.

*Fieger* concerned a Michigan trial attorney "involved in an on-going public spat" with several justices of the Michigan Supreme Court. *Id.* at 776. He brought multiple federal court cases seeking intervention in Michigan's judicial recusal process. *Id.* In one of the cases, the "first" for purposes of this discussion, Fieger complained of the justices' <u>past</u> refusals to recuse themselves and brought facial and as applied constitutional challenges to Michigan's judicial recusal rule. *Id.* at 777. The district court initially dismissed Fieger's complaint on *Rooker-Feldman*[16], but the Sixth Circuit reversed in part and remanded to allow the district court to reconsider Fieger's claims as to <u>future</u> recusal decisions. *Id.* But before that reconsideration took place, fearing that the district court on remand would dismiss his first case, Fieger filed yet another federal lawsuit—his "second" for purposes of this discussion and the one from which the *Fieger* opinion issues. *Id.* Fieger was right about the district court dismissing his first

---

[15] Defendant Judge Schweikert initially argued that Plaintiffs' claims are barred by the doctrine (versus instead the principles) of *res judicata*. (Doc. 42 at PageID 1780–82). However, in his reply he argues the principles of *res judicata*, aligning his position with that consistently taken by the Defendant Justices. (*Compare* Doc. 47 at PageID 1883–85 *with* Doc. 39 at PageID 1753–57 & Doc. 46 at PageID 1871–74).
[16] "*Rooker-Feldman* is the name for the doctrine which holds that federal courts below the United States Supreme Court may not exercise appellate jurisdiction over the decisions and/or proceedings of state courts, including claims that are 'inextricably intertwined' with issues decided in state court proceedings." *Exec. Arts Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004) (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983)).

case on remand, and he once again appealed. *Id.* On appeal, the Sixth Circuit dismissed his "forward-looking" declaratory judgment claims as moot because, in the interim, the Michigan Supreme Court amended its judicial recusal rules "in a manner that substantially addressed Fieger's claims against the justices of the Michigan Supreme Court." *Id.* Meanwhile, the district court hearing his second lawsuit dismissed it on *res judicata* grounds. *Id.* The Sixth Circuit agreed that dismissal was appropriate but noted that application of the formal *res judicata* doctrine was incorrect, because the first case was on appeal and therefore no final decision had issued. *Id.* And once a decision did issue, the first case was dismissed on mootness grounds and, as such, "did not result in a final judgment on the merits to which we could now give preclusive effect." *Id.* at 778. Nonetheless:

> [T]he **principles** underlying *res judicata* still operate to bar Fieger from bringing materially identical cases in rapid succession. Litigants may not escape *res judiciata*'s preclusive finality merely by filing a new, identical case before the prior case becomes final.

*Id.* (emphasis added). The first case "was Fieger's exclusive vehicle for pursuing any claims he **may have had** against the justices of the Michigan Supreme Court at that time." *Id.* (emphasis added). "Any claims that he had were either in that case or **should have been** in that case." *Id.* (emphasis added).

*Fieger* noted the four "textbook" elements of res judicata are: "(1) a final decision on the merits of the first action by a court of competent jurisdiction; (2) that the second action involve the same parties, or their privies, as the first; (3) that the second action raise an issue actually litigated or which should have been litigated in the first action; and (4) identity of claims." *Id.* at 777 n.3 (citing *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)). Applying them to its facts, the second, third, and fourth

11

elements were "clearly" met; the first element was not "technically" met, because the final judgment "rest[ed] on mootness grounds." *Id.* Hence, the Sixth Circuit's resort to dismissal based on the <u>principles</u> of *res judicata*.

This consolidated case mirrors *Fieger*. Plaintiffs commenced their suits in 1:18cv139 and 1:18cv169 before there was a final decision in *Aaron I* (1:17cv846). Once final, though, the decision in *Aaron I* did not result in a judgment on the merits, but, rather, was a dismissal without prejudice based on *Younger* abstention. Thus, this Court, like the court in *Fieger*, looks to whether the principles underlying *res judicata* bar Plaintiffs' second and third lawsuits. They do.

As to the second element, the same parties—or their privies—are most certainly involved. In *Aaron I*, Plaintiffs sued Chief Justice O'Connor and Judge Schweikert. Here, they sue all the justices of the Ohio Supreme Court, including Chief Justice O'Connor, as well as Judge Schweikert. But the justices are each sued in their official capacity (*see* Amended Complaint, Doc. 26 Preface at PageID 1293; Case No. 1:18cv169, Complaint, Doc. 1 Caption at PageID 1–3 & Preface at PageID 8), just as the Chief Justice and Judge Schweikert were sued in *Aaron I*[17]. Defendants sued in their official capacities, of course, "stand in the shoes of the entity they represent." *Heike v. Cent. Mich. Univ. Bd. of Trs.*, 573 F. App'x 476, 481 (6th Cir. 2014) (quoting *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003)). In all three cases, then, by suing the Chief Justice in her official capacity, Plaintiffs have simply sued the Ohio Supreme Court, and adding the remaining justices in their official capacities alters nothing. For purposes of *res judicata*, "a prior judgment for an official in his or her official capacity will preclude a subsequent action on the same claim (or a claim that **could have been**

---

[17] *Aaron I*, Case No. 1:17cv846 (Complaint, Doc. 1 Caption at PageID 1).

**brought** in the first action) against the relevant governmental entity." *Heike*, 573 F. App'x at 481 (emphasis added).

The third element is just as easily satisfied. Both *Aaron I* and this consolidated case present due process challenges to Ohio's judicial recusal and disqualification process. As earlier noted, in *Aaron I* Plaintiffs sought to enjoin the Chief Justice from ruling on the first affidavit of disqualification against Judge Schweikert (and herself) and to enjoin Judge Schweikert himself "from taking any action of their cases" while said affidavit was pending.[18] Underpinning their request was the purported bias and prejudice of Chief Justice O'Connor and Judge Schweikert. Although Plaintiffs did not present specific challenges to Rule 4.04 and § 2701.03(D)(4), they could, and plainly should, have. As the Defendant Justices accurately point out, the Chief Justice is designated—both by statute and the Ohio Constitution—to rule on affidavits of disqualification. (Doc. 39 at PageID 1743 (citing Ohio Rev. Code § 2701.03; Ohio Const. art. IV, § 5(C))). Section 2701.03 sets forth the procedure for disqualification of judges and Rule 4.04 sets forth the procedure for when a justice is asked to recuse herself from matters before the Ohio Supreme Court, which would include affidavits of disqualification of inferior judges. Any due process challenge to Chief Justice O'Connor's authority to rule on the first affidavit of disqualification and to Judge Schweikert's ability to preside over the underlying tort case obviously should have included facial and as-applied challenges to Rule 4.04 and § 2701.03(D)(4). *Aaron I* was Plaintiffs' "exclusive vehicle for pursuing **any claims** [they] **may have had** against the justices. *Fieger*, 602 F.3d at 778 (emphasis added). Plaintiffs' failure to raise them then serves as a bar to raise them now.

---

[18] *Aaron I*, Case No. 1:17cv846 (Doc. 1 ¶ 2 at PageID 2).

13

Finally, there is identity of claims between *Aaron I* and this consolidated case. Identity of claims requires "the same factual predicate." *Heike*, 573 F. App'x at 483. As the Defendant Justices again accurately point out, review of the three operative complaints reveal the same allegations of bias, same history between the parties, same rules governing recusals, and same decisions not to recuse. (*See* Docs. 39 at PageID 1743, Doc. 46 at PageID 1874). Although Plaintiffs' second and third complaints articulated new legal theories, specifically their facial and as-applied constitutional challenges to Rule 4.04 and § 2701.03(D)(4), the "basic" facts giving rise to all three civil actions are identical.

"The purpose of res judicata is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." *GMAC Mortgage, LLC v. McKeever*, 651 F. App'x 332, 344 (6th Cir. 2016) (quoting *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981)). Allowing Plaintiffs to proceed with their subsequent challenges to Rule 4.04 (in Case No. 1:18cv139) and § 2701.03(D)(4) (in 1:18cv169) unquestionably would frustrate this purpose. This consolidated case must be dismissed, because Plaintiffs' subsequent challenges are barred by the principles of *res judicata*.

### B. *Younger* Abstention Requires Dismissal of Plaintiffs' Claims

Even if they were not barred by the principles of *res judicata*, this Court determines that Plaintiffs' new claims—set forth in their second and third complaints—are barred by *Younger* abstention.

As discussed in Part I.A of this Opinion and Order, the Sixth Circuit affirmed this Court's conclusion in *Aaron I* that *Younger* abstention precluded a decision on the

merits of Plaintiffs' first federal lawsuit. The Sixth Circuit's decision was released on January 30, 2019, some eight months after briefing was complete on the instant Motions.

"The *Younger* breed of abstention requires abstention in three different circumstances." *Aaron I*, 914 F.3d at 1016 (citing *NOPSI*). Relevant in *Aaron I* and here, a court may abstain "when there is a 'civil proceeding[ ] involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Id.* (quoting *NOPSI*, 491 U.S. at 368). "We conclude that the ability of the courts of the State of Ohio to determine when recusal of a judge or justice is appropriate and to administer the recusal decision proceed in accordance with state law operates 'uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Id.* at 1017 (quoting *NOPSI*, 491 U.S. at 368). This consolidated case, of course, challenges the very same statute and rule at issue in *Aaron I*.

Once a court has "determined that a case falls into a *NOPSI* category in which *Younger* abstention may be proper, [the court] next analyze[s] the case using a three-factor test laid out in *Middlesex*." *Id.* at 1018. A court may abstain from hearing a federal claim under *Middlesex* if "(1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff[s] with an adequate opportunity to raise [their] constitutional claims." *Id.* (quoting *Doe v. Univ. of Ky.*, 860 F.3d 365, 369 (6th Cir. 2017) (citing *Middlesex*, 457 U.S. at 432–34)).

With respect to the first factor, Plaintiffs contend that *Younger* abstention is inapplicable here because, at the time they filed their memoranda in opposition to

Defendants' Motions, there were no longer any pending recusal requests regarding the Defendant Chief Justice or affidavits of disqualification regarding Defendant Judge Schweikert. (Doc. 44 at PageID 1815–17; Doc. 45 at PageID 1858–59). But that is not the test. Rather, the proper measure is the "day-of-filing" rule. *See Fed. Express Corp. v. Tenn. Pub. Serv. Comm'n*, 925 F.2d 962, 969 (6th Cir. 1991) ("[I]f a state proceeding is pending at the time the action is filed in federal court, the first criteria for *Younger* abstention is satisfied."); *Zalman v. Armstrong*, 802 F.2d 199, 204 (6th Cir. 1986) ("[T]he proper time of reference for determining the applicability of *Younger* abstention is the time that the federal complaint is filed.")). And Plaintiffs' own recitation of the facts[19] establish that there were pending requests for recusal and affidavits of disqualifications when they filed their original complaints on February 23, 2018 (in Case No. 1:18cv139) and on March 7, 2018 (in Case No. 1:18cv169). Hence, the first *Middlesex* factor is met.

Plaintiffs offer no argument in their memoranda in opposition to Defendants' Motions regarding the remaining two *Middlesex* factors, and the Court deems them both admitted. Plaintiffs likewise offer no argument in these memoranda that any of the three exceptions to *Younger* abstention apply.[20] Any such arguments, therefore, are waived. Plaintiffs' claims are barred not only by the principles of *res judicata*, then, but also by *Younger* abstention. Their second and third complaints must be dismissed.

---

[19] (*See* Doc. 44 at PageID 1815–16; Doc. 45 at PageID 1858–59).
[20] "The first is where 'the state proceeding is motivated by a desire to harass or is conducted in bad faith.'" *Aaron I*, 914 F.3d at 1019 (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975)). "The second is where 'the challenged statute is flagrantly and patently violative of express constitutional prohibitions.'" *Id.* (quoting *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*)). "And third, the federal court should not abstain where there is 'an extraordinarily pressing need for immediate federal equitable relief.'" *Id.* (quoting *Kugler v. Helfant*, 421 U.S. 117, 125 (1975))

### C. Because Plaintiffs' Claims Are Barred by the Principles of *Res Judicata* and *Younger* Abstention, the Court Need Not Address Defendants' Other Alternative Grounds for Dismissal

As an alternative ground for dismissal, the Defendant Justices and Defendant Judge Schweikert argue that Plaintiffs' facial and as-applied procedural due process challenges to Rule 4.04 and § 2701.03(D)(4) fail as a matter of law under Fed. R. Civ. P. 12(b)(6). (Doc. 39 at PageID 1743–69 & Doc. 46 at PageID 1876–80; Doc. 42 at PageID 1788–94 & Doc. 47 at PageID 1888–90). Defendant Judge Schweikert also argues that Plaintiffs' claims are barred by the Anti-Injunction Act, 28 U.S.C. § 2283. (Doc. 42 at PageID 1782–83 & Doc. 47 at PageID 1885–86). Having already determined that Plaintiffs' Claims are barred by the principles of *res judicata* and *Younger* abstention, the Court need not address either of these arguments.

### III. CONCLUSION

For the reasons discussed, Defendants' Motions to Dismiss (Docs. 39, 42) are **GRANTED** and Plaintiffs' Motion for Preliminary Injunction (Doc. 65) is **DENIED as moot**. This consolidated case is **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court